# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DANIEL HOVANSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>WALLACE,<br><br>    Defendant. | Case No.  1:13-cv-00377-LJO-JLT (PC)<br><br>**ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAIULRE TO PROSECUTE, AND DENYING PENDING MOTIONS AS MOOT**<br><br>**(Docs. 25, 29)** |

Plaintiff, Thomas D. Hovanski, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Plaintiff is proceeding on the First Amended Complaint against Defendant Lauren Wallace for violation of Plaintiff's rights under the Fourteenth Amendment.  (Docs. 10, 11.)

Defendant filed a motion for summary judgment on May 2, 2014.  Fed. R. Civ. P. 56.  On May 7, 2014, this Court issued the Amended Second Informational Order which detailed the requirements for Plaintiff to adequately oppose Defendant's motion for summary judgment and directed him to file either an opposition, or statement of non-opposition within 21 days.  On May 29, 2014, Defendant filed a request for dismissal for failure to prosecute based on Plaintiff's failure to file an opposition or non-opposition to her motion for summary judgment and a motion for evidentiary sanctions based on Plaintiff's failure to comply with this Court's March 12, 2014 order compelling him to respond to Defendant's discovery requests.  Plaintiff did not respond to any of these motions and on June 11, 2014, the Court issued an order requiring Plaintiff to file an

opposition or a statement of non-opposition to Defendants' motion for summary judgment within twenty-one days.  Local Rule 230(*l*).  More than twenty-one days have passed and Plaintiff has not complied with or otherwise responded to the order.[1]

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal," *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted), and Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).  However, the Court is constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice and public policy favors disposition on the merits. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 642-43.

Nevertheless, there are no alternative sanctions which are satisfactory under the circumstances of this case. *In re PPA*, 460 F.3d at 1228-29; *Pagtalunan*, 291 F.3d at 643.  A monetary sanction has little to no benefit in a case in which the plaintiff is proceeding in forma pauperis and based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.*  This action, which has been pending since early 2013, requires Plaintiff's cooperation in its

---

[1] Defendant has subsequently filed a request for dismissal for Plaintiff's failure to prosecute this action and a motion to dismiss which have likewise failed to rouse any response from Plaintiff.

prosecution. The action cannot simply remain idle on the Court's docket and the Court is not in a position to expend its limited resources resolving an unopposed motion in light of Plaintiff's obvious disinterest in continuing the litigation. *Id.*

Accordingly, this action is HEREBY DISMISSED, with prejudice, for Plaintiff's failure to prosecute and all pending motions are DENIED as moot. *In re PPA*, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

Dated: **July 23, 2014**         **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE